UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
VILMA S.,

Plaintiff,

**DECISION AND ORDER**
1:23-CV-00025-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In October of 2020, Plaintiff Vilma S.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Olinsky Law Group, Howard D. Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

This case was referred to the undersigned on January 5, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 20). For the following reasons, Plaintiff's motion is due to be granted and this matter is remanded for further administrative proceedings.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on October 14, 2020, alleging disability beginning March 14, 2020. (T at 50, 62, 74-75).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on April 11, 2022, before ALJ Seth I. Grossman. (T at 35-48). Plaintiff appeared with an attorney and testified. (T at 38-47). A further hearing was held on August 8, 2022, before the same ALJ. (T at 3363-3398). Plaintiff appeared with her attorney and testified. (T at 3368-76). The ALJ also received testimony from Dr. Nickerson Geneve, a medical expert (T at 3376-93), and Robert Baker, a vocational expert. (T at 3394-97).

### *B. ALJ's Decision*

On August 19, 2022, the ALJ issued a decision denying the applications for benefits. (T at 8-27). The ALJ found that Plaintiff had not

[2] Citations to "T" refer to the administrative record transcript at Docket No. 19.

engaged in substantial gainful activity since March 14, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2024. (T at 13).

The ALJ concluded that Plaintiff's cancer in remission, recurrent urinary tract infection due to a birth defect, carpal tunnel syndrome, and asthma were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14-15).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she is limited to occasional handling and fingering with her left upper extremity and frequent handling and fingering with her right upper extremity; and she can engage in occasional bending, stooping, crouching, or kneeling, but no crawling. (T at 15).

The ALJ concluded that Plaintiff could perform her past relevant work as a retail manager. (T at 18).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between March 14, 2020 (the alleged onset date) and August 19, 2022 (the date of the ALJ's decision). (T at 18-19). On November 2, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

### *C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on January 3, 2023. (Docket No. 1). On October 6, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 20, 21). The Commissioner interposed a Brief in opposition to the motion and in support of the denial of benefits on December 4, 2023. (Docket No. 22). On December 18, 2023, Plaintiff submitted a reply brief in further support of her motion. (Docket No. 23).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). “Substantial evidence” is “more than a mere scintilla” and “means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” *Lamay v. Commissioner of Soc. Sec*., 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

“In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.” *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

“When there are gaps in the administrative record or the ALJ has applied an improper legal standard,” or when the ALJ’s rationale is unclear, remand “for further development of the evidence” or for an explanation of the ALJ’s reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability “to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises one primary argument in support of her request for reversal of the ALJ's decision. Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which, in turn, undermined that RFC and past relevant work determinations.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Seth Sebold performed a consultative psychiatric evaluation in August of 2021. On mental status examination, Plaintiff was cooperative and demonstrated adequate social skills. (T at 2334). Her affect was dysphoric and depressed, her mood was dysthymic, and her attention and memory were mildly impaired. (T at 2335). She displayed good insight and judgment. (T at 2335).

Dr. Sebold diagnosed unspecified depressive disorder. (T at 2336). He opined that Plaintiff had no limitation with respect to understanding, remembering, or applying simple directions and instructions; mild impairment in understanding, remembering, or applying complex directions and instructions; no limitation in making work-related decisions or interacting with others; mild to moderate impairment in sustaining

concentration or performing at a consistent pace; no limitation in sustaining an ordinary routine and regular attendance; mild impairment in regulating emotions, controlling behavior, and maintaining well-being; no limitation with respect to maintaining personal hygiene and appropriate attire; and no limitation as to awareness of normal hazards and taking appropriate precautions. (T at 2336).

The ALJ found Dr. Sebold's opinion "partially persuasive." (T at 17). The ALJ accepted the mild limitations assessed by Dr. Sebold but rejected the examiner's "mild to moderate" limitation with respect to Plaintiff's ability to concentrate or perform at a consistent pace. (T at 17). The ALJ concluded that this aspect of Dr. Sebold's assessment was "inconsistent with the medical records, which only detail brief psychiatric treatment in 2022, and mental status exams which did not show any impairment." (T at 17).

Based upon a thorough review of the record the Court finds that the ALJ's consideration of Dr. Sebold's opinion and overall assessment of Plaintiff's mental limitations cannot be sustained. Here's why.

First, the ALJ's discussion of the medical records is inaccurate and inadequate. The ALJ referenced the "lack of ongoing treatment prior to

April 2022." (T at 17). Notably, however, Plaintiff began treating with Dr. Lucia Smith-Wexler, a psychologist, in April of 2021. (T at 1547).

Further, the ALJ's conclusory statement that the mental status exams "did not show any impairment" is contrary to the record. The record discloses that Plaintiff is consistently described as depressed and anxious and experiencing "significant mood symptoms." (T at 1547-55, 1767, 1775, 1817, 1879, 1901, 1935, 2359, 2389, 2395, 2460, 2476, 2525, 3206, 3208, 3210, 3212, 3214, 3216, 3220, 3222, 3224, 3226, 3228, 3230, 3232, 3234, 3236, 3238).

Second, the ALJ erred by failing to obtain an assessment of Plaintiff's work-related limitations from Dr. Smith-Wexler.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)). The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326

F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

Courts in the Southern District of New York have consistently recognized that “an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment.” *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

“This ‘heightened duty’ derives from the fact that a claimant’s mental illness may greatly impede an evaluator’s assessment of a claimant’s ability to function in the workplace, thus necessitating a more thorough review.” *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

Underpinning the heightening of the ALJ’s duty is a recognition that the opinions of treating providers are particularly probative in claims involving mental health. *See Flynn v. Comm'r of SSA*, 729 F. App'x 119, 122 (2d Cir. 2018)(“The treatment provider’s perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.”); *see also Marinez v. Comm’r of Soc. Sec.,* 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (noting that treating sources “are

likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.") (citing 20 C.F.R. § 416.927(c)(2)).

Further, "an ALJ must attempt to obtain medical opinions—not just medical records—from a claimant's treating physicians." *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022)(citing *Prieto v. Comm'r of Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *10–11 (S.D.N.Y. Aug. 6, 2021) (collecting cases)).

"Medical opinions from treating physicians are critical because, beyond simply diagnosing the patient's impairment, they relate the impairment to the patient's functional capacity." *Skartados*, 2022 WL 409701, at *4 (citing *Guillen v. Berryhill*, 697 F. App'x 107, 109 (2d Cir. 2017) ("The medical records discuss her illnesses and suggest treatment for them, but offer no insight into how her impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life.")).

"It is not sufficient for the ALJ simply to secure raw data from the treating physician. What is valuable about the perspective of the treating physician—what distinguishes him from the examining physician and from the ALJ—is his opportunity to develop an informed *opinion* as to the … status of a patient." *Robins v. Astrue*, No. CV-10-3281 FB, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011)(quoting *Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y.1991)(emphasis original).

The ALJ did not fully credit any of the medical opinion evidence regarding Plaintiff's mental limitations – to wit, he found Dr. Sebold's opinion only partially persuasive and deemed the State Agency review consultant's opinion unpersuasive.[3] (T at 17).

Under these circumstances, the ALJ erred by failing to obtain an assessment of Plaintiff's work-related mental limitations from Dr. Smith-Wexler. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants

[3] On September 16, 2021, V. Ng, Ph.D. reviewed the record and opined that Plaintiff did not have a severe mental health impairment. (T at 86). The ALJ deemed this assessment unpersuasive because it was based on an incomplete record and did not adequately account for Plaintiff's subjective complaints. (T at 17).

that might shed light on the import of their opinions and the conflicts the ALJ identified.”).

The ALJ’s errors are compounded by the fact that the ALJ found that Plaintiff retained the ability to perform her past relevant work as a retail manager. According to the *Dictionary of Occupational Titles* (“DOT”),[4] the position of retail store manager requires, *inter alia*, planning and preparing work schedules, formulating pricing policies on merchandise according to requirements for profitability of store operations, and coordinating sales promotion activities. DOT 185.167-046.

The RFC articulated by the ALJ contains no restrictions regarding attention and concentration. (T at 15). Nevertheless, the ALJ recognized that Plaintiff had, at least, mild limitation with respect to the domains of mental functioning, including attention and concentration. (T at 14). As discussed above, Dr. Sebold assessed “mild to moderate” impairment in this domain. (T at 2336).

The ALJ relied on the testimony of a vocational expert in reaching the conclusion that Plaintiff could perform her past relevant work (T at 18), but the expert was not asked whether a person with mild (or greater)

[4] The Social Security Administration has taken administrative notice of the DOT, which is published by the Department of Labor and provides detailed descriptions of the requirements for a variety of jobs. *See* 20 CFR § 416.966 (d)(1).

impairment in attention and concentration could perform that demanding, often detailed, work.

In sum, given the nature of the past relevant work, even if the ALJ's conclusion that Plaintiff did not have a severe mental impairment could otherwise be sustained, the failure to address this issue with the vocational expert and in his decision requires remand.  *See Coulter v. Comm'r of Soc. Sec.*, --F. Supp.3d--, No. 22-CV-1149 (RWL), 2023 WL 3346505 at *10 (S.D.N.Y. May 10, 2023) ("Adequate consideration of a plaintiff's non-severe mental impairments becomes particularly important where the disability determination turns upon [his or] her ability to perform skilled or highly skilled work.")(citations omitted)(collecting cases); *see also Novas v. Kijakazi*, No. 22CV1020MKVBCM, 2023 WL 2614362, at *12 (S.D.N.Y. Mar. 8, 2023), *report and recommendation adopted sub nom. Novas v. Comm'r of Soc. Sec.*, No. 22-CV-1020 (MKV), 2023 WL 2613550 (S.D.N.Y. Mar. 23, 2023)("[W]hen posing hypotheticals to the VE, the ALJ should inquire about even 'mild' limitations on mental functioning, particularly when the issue is whether the plaintiff can perform skilled past work."); *Rousey v. Comm'r of Soc. Sec.*, 285 F. Supp. 3d 723, 742 (S.D.N.Y. 2018)(ALJ erred by failing to ask VE to "assume non-severe mental impairments including mild limitations in concentration, persistence or pace," because plaintiff's

"non-severe anxiety and memory impairments may have affected the vocational expert's conclusion that [she] could do her past skilled and semi-skilled sedentary work"); *Christopher D. v. Kijakazi*, No. 22-CV-0657DGL, 2023 WL 6647558, at *3 (W.D.N.Y. Oct. 12, 2023)("The ALJ erred in finding that plaintiff was capable of returning to his past relevant work as a logistics manager, a skilled position with a specific vocational preparation ('SVP') level of 8, despite finding a number of mild mental limitations.").

*B. Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the reasons discussed above, the Court finds a remand necessary for proper assessment of the medical evidence regarding Plaintiff's mental impairments, further development of the record, and

reconsideration as to whether Plaintiff retained the ability to perform her past relevant work.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 20) is GRANTED, and this matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: February 9, 2024

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge