UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

VILMA S.,

                          Plaintiff,          <u>DECISION AND ORDER</u>
                                              1:23-CV-00025-GRJ

            v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

        In October of 2020, Plaintiff Vilma S.[1] applied for Disability Insurance

Benefits and Supplemental Security Income Benefits under the Social

Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Olinsky Law Group, Howard D. Olinsky, Esq., of

counsel, commenced this action seeking judicial review of the

Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383

(c)(3).  The parties consented to the jurisdiction of a United States

Magistrate Judge. (Docket No. 11).

        This case was referred to the undersigned on January 5, 2024.  On

February 9, 2024, the Court issued a Decision and Order granting Plaintiff

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

judgment on the pleadings and directing a remand for further administrative proceedings. (Docket No. 24).  Judgment was entered on February 12, 2024. (Docket No. 25).

 Presently pending is the Commissioner's motion to Alter or Amend the Judgment Pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure, filed on March 7, 2024, and supported by a memorandum of law. (Docket Nos. 26, 27). Plaintiff filed a memorandum of law in opposition on March 12, 2024. (Docket No. 28).

For the following reasons, the Commissioner's motion is denied.

## I.  LEGAL STANDARD

A party may move to alter or amend a judgment pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure.  "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992)(internal citations omitted).

The Commissioner does not present new evidence or contend that there has been an intervening change of law. This Court thus analyzes its Decision and Order for clear error of law.

The standard for granting a Rule 59 (e) motion "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995); *see also Rafter v. Liddle*, 288 F. App'x, 768, 769 (2d Cir. 2008).

## II. DISCUSSION

### A.    Remand Decision

Familiarity with this Court's Decision and Order granting Plaintiff judgment on the pleadings and directing a remand (Docket No. 24) is presumed so the Court will not repeat it here.

Dr. Seth Sebold performed a consultative psychiatric evaluation in August of 2021.  Dr. Sebold opined, *inter alia*, that Plaintiff had mild to moderate impairment in sustaining concentration or performing at a consistent pace. (T at 2336).  The ALJ found Dr. Sebold's opinion "partially persuasive," rejecting the "mild to moderate" limitation with respect to Plaintiff's ability to concentrate or perform at a consistent pace. (T at 17). The ALJ concluded that this aspect of Dr. Sebold's assessment was "inconsistent with the medical records, which only detail brief psychiatric

treatment in 2022, and mental status exams which did not show any
impairment." (T at 17).

The Court found that the ALJ's reading of the record was not
reasonable and that the ALJ erred by failing to seek an assessment of
work-related limitations from Dr. Lucia Smith-Wexler, Plaintiff's treating
psychologist.

B.    *Request to Alter/Amend Decision and Order*

The Commissioner does not challenge the decision to remand.

Instead, the Commissioner objects to the decision to the extent the
Court instructed the ALJ to obtain an opinion from Plaintiff's treating
psychologist. The Commissioner contends that this directive is not
consistent with the new Regulations governing medical opinion evidence
and improperly intrudes upon the ALJ's discretion as to how best to resolve
inconsistencies and insufficiencies in the record.

Notwithstanding the abrogation of the treating physician's rule, the
duty to develop the record, which includes re-contacting treating providers
when needed to afford the claimant a full and fair hearing based on an
adequately developed record, applies to claims governed by the new
Regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708
(AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*,

No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023);

*Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5

(D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316

(E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436

(OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023); *Skartados v.*

*Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4

(E.D.N.Y. Feb. 10, 2022).

Here, for the reasons stated in the Decision and Order, this Court

finds that seeking an opinion from Plaintiff's treating psychologist is

necessary for a proper determination of whether Plaintiff is disabled within

the meaning of the Social Security Act.

### III.    CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Alter or

Amend the Judgment (Docket No. 26) is DENIED.


Dated: April 3, 2024                         *s/ Gary R. Jones*

                                             GARY R. JONES
                                             United States Magistrate Judge